**UNITED STATES of America**

v.

**James G. RYAN, Defendant.**

**No. 77 Cr. 915 (CMM).**

United States District Court,
S. D. New York.

April 17, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., for United States; Jacob Laufer, Asst. U. S. Atty., New York City, Mark S. Davidson, Atty., Crim. Div., U. S. Dept. of Justice, Washington, D. C., of counsel.

Joseph Kevin McKay, Ralph S. Naden, New York City, for defendant.

METZNER, District Judge:

By order of this court dated March 27, 1978, defendant was directed to comply with the provisions for reciprocal discovery contained in Fed.R.Crim.P. 16(b)(1)(A).

By letter of April 10, 1978, defendant's counsel advised the government that it was "not yet in a position to make key trial strategy decisions, including whether or not the defendant will testify." Attached to counsel's letter was a list of documents which it was turning over to the government. However, it withheld documents which it would only introduce on direct or redirect examination of defendant if he should testify.

The issue presented is a refinement of the general objection to reciprocal discovery. I assume the good faith position of defense

counsel that the decision as to waiver of the fifth amendment privilege has not as yet been made.

 It is perfectly normal and proper for a defendant to postpone the decision as to whether or not he will testify until the end of the government's case. Only then can he truly weigh the strength and weakness of the government's case, and decide whether he wishes to run the risk of furnishing the grounds for his conviction. Of course, there are cases where it is obvious from the beginning that the defendant cannot testify under any circumstances, but that is not so here.

While the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery.

The constitutional protection is waivable. The legislative history of the rule appears to rely on waiver as the basis for reciprocal discovery. If the defendant demands discovery of the government, he is waiving the protection against self-incrimination at least as far as documents are concerned. He is still free to refuse to testify and he will be entitled to the appropriate standard charge to the jury in this regard. If he does testify in this case, he may not use the documents directly or refer to them while so testifying, unless they have been furnished to the government in compliance with its request.

The court has considered alternatives to this ruling but has discarded them in view of what it considers to be the clear import of the rule as amended. For example, the court could direct that the material be turned over but not used directly or indirectly by the government except as rebuttal if the defendant takes the stand. The other alternative would be that the defendant need not turn over the material until he takes the stand, at which point the court would consider a claim of prejudice by the government because of insufficient time to prepare its rebuttal.

Consequently, defendant will be precluded from introducing any documents on this trial that have not been turned over to the government by 9:30 A.M. tomorrow morning.

So ordered.